NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2099
_____

UNITED STATES OF AMERICA

v.

CALVIN HICKS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cr-00289-001)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2015

Before:  HARDIMAN, GREENAWAY, Jr. and KRAUSE, Circuit Judges

(Filed: April 14, 2015)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, <u>Circuit Judge</u>

Calvin Hicks appeals the District Court's order denying his motion for a new trial. We will affirm.

I

Around 4:30 a.m. on December 27, 2008, four men broke into the Tam family residence. After rousing Mr. Tam, Mrs. Tam, and their two children from their slumber, the intruders pistol-whipped Mr. Tam and forced him and his 13-year-old son to strip off their clothes. They then herded the family into a bathroom. The intruders looted the Tams' restaurant on the first floor as well as their residence on the second and third floors, making off with about $10,000 in cash and various items of personal property including a ring, cigars, and the children's iPod.

In May 2011, Hicks was indicted for conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), robbery in violation of 18 U.S.C. § 1951(a), using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In November 2011, a jury convicted Hicks on the first three counts and the District Court found him guilty on the fourth. Hicks was sentenced to 168 months' imprisonment.

One of the witnesses against Hicks at trial, and the only one to provide direct evidence that he was involved in the robbery, was co-conspirator William Cooper. As part of his cooperation with the Government, Cooper participated in proffer sessions during which he stated that Hicks had also robbed a different restaurant—the China Moon.

Based on that information, the Government filed a motion to admit evidence pursuant to Federal Rule of Evidence 404(b). Significantly for this appeal, the District Court denied that motion.

After Hicks was convicted of robbing the Tams, he learned that Cooper had lied about the China Moon robbery. Claiming this was newly discovered evidence, Hicks moved for a new trial in June 2013. The District Court first concluded that Hicks's motion was partly based on new evidence because, though Hicks must have known that he didn't rob the China Moon restaurant, he apparently did not know that Cooper did. Next, assuming but not deciding that all of the evidence was newly discovered, the Court determined that it could qualify as more than mere impeachment evidence. Nevertheless, because the evidence at trial was sufficient to sustain Hicks's conviction without Cooper's testimony, the Court denied his motion.[1]

## II

### A

A defendant seeking a new trial under Federal Rule of Criminal Procedure 33 must show five things:

> [1] the evidence must be in fact newly discovered, i.e. discovered since trial; [2] facts must be alleged from which the court may infer diligence on the part of the movant; [3] the evidence relied on must not be merely cumulative or impeaching; [4] it must be material to the issues involved; and [5] it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

*United States v. Quiles*, 618 F.3d 383, 388–89 (3d Cir. 2010) (quoting *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000)). Motions for a new trial "are not favored and should be 'granted sparingly and only in exceptional cases.'" *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of the V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)). "We review the denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion." *Id.*

## B

Hicks focuses on two aspects of Cooper's mendacity: first, the Government's failed Rule 404(b) motion to admit evidence of the China Moon robbery and, second, that Cooper purportedly perjured himself at trial because his plea agreement required him to tell the truth.

Even if we assume that Hicks satisfied the first four requirements for a new trial, the District Court did not err when it held that he failed to satisfy the fifth requirement. Hicks argues that Cooper's testimony was the "very heart" of the Government's case. Hicks Br. 18. Although Cooper's testimony was helpful to the Government's case, it was not necessary to obtain Hicks's convictions, largely for the reasons stated by Judge Sanchez in his thorough and well-reasoned opinion.

A brief review of the evidence shows, as the District Court held, that Hicks would have not probably been acquitted without Cooper's testimony. Hicks's cousin, Khalil Gissendanner, testified that on the night of the robbery, Hicks, Cooper, and two others left

4

Hicks's home in Hicks's Range Rover. Two neighbors of the Tams saw four men climb down from the Tams' residence and run off—two of whom entered a Range Rover that circled the block and beeped.[2] Hicks's girlfriend, Nyoshi Gleaves, testified that Hicks was in bed with her around one or two in the morning but not a few hours later, which was about the time the robbery occurred. Gleaves also heard Hicks enter the house around the time of the robbery, and, once upstairs, he rushed her to get ready to leave for work. While going to work in the Range Rover, Hicks directed Gleaves to drive in and around the area where the Tams lived. When Gleaves commented on the police in the area, Hicks told her that, if asked, she should tell the police that they were going to Walgreens, even though that was a lie.

One of the neighbors saw the Range Rover and alerted police that it was the same one he had seen leave the scene of the robbery, so the vehicle was stopped. Mrs. Tam looked into the back of the vehicle and saw clothes worn by the burglars and boxes of the same type of cigars taken during the robbery. Police subsequently searched Hicks and Gleaves's home and in a walk-in closet in the master bedroom found a black bag and a red envelope with Chinese characters on it, both containing cash. Gleaves testified that before they left home she saw Hicks come out of the walk-in closet in the master bedroom. Mr. and Mrs. Tam testified that Mrs. Tam made the black bag and kept money from the business in it. Mrs. Tam stated that the bag was stolen in the robbery and then

---

[2] Cooper and one accomplice are the two who ran but did not get into the Range Rover. They were stopped by the police a few blocks from the Tams' apartment.

identified it as her bag. The Tams also identified the red envelope found in Hicks's home as theirs.

In sum, circumstantial evidence (1) puts Hicks in the vehicle used in the robbery (2) with the people who committed the robbery (3) around the time the robbery was committed—(4) with corroborating evidence that he was not home at the time of the robbery. The record also shows that (5) Hicks was in the closet where the stolen loot was found and that (6) he directed Gleaves to go to the scene of the robbery (7) while stolen merchandise and clothes used in the crime were in the backseat of his vehicle. In light of this overwhelming circumstantial evidence, we perceive no error in the District Court's conclusion that the newly discovered evidence would not probably have resulted in an acquittal.

### III

After reviewing the record, we conclude that the District Court did not abuse its discretion when it denied Hicks's motion for a new trial under Rule 33. Accordingly, we will affirm.